IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TIMOTHY DAVIS,

        Plaintiff,

v.                                  CIVIL ACTION NO.  2:23-cv-00010

CO SHAWNATHON BLANKENSHIP, et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER

      Pending before the court is a Joint Motion to Set Aside Default [ECF No. 15] filed by Defendants C.O. Josh Jones, C.O. Shawnathon Blankenship, and Lt. Frye and Plaintiff Timothy Davis. For the reasons discussed below, the Motion is **GRANTED**, and the entry of default [ECF No. 11] is **SET ASIDE**.

## I.    Background

      Plaintiff filed a Complaint in this court on January 5, 2023. [ECF No. 1]. Summonses were served on Defendants Jones, Frye, and Blankenship[1] on March 30, 2023, and Defendant Chris Adkins on April 3, 2023. [ECF Nos. 5, 6, 7, 8]. Defendants Jones, Frye, and Blankenship's Answers were due on April 20, 2023.[2] On April 21,

---

[1] The Motion states that Defendant Blankenship was never served with the summons and Complaint and contends that Plaintiff attempted—and failed—to serve Defendant Blankenship at the Southwestern Regional Jail on March 30, 2023. [ECF No. 15, at 2]. However, the affidavit of service attached to the summons issued to Defendant Blankenship indicates that he was personally served at Dollar General on March 30, 2023. [ECF No. 6]. It is unclear to this court whether Defendant Blankenship was ever served and thus, whether the default entered against him was proper.

[2] If he was not properly served, Defendant Blankenship did not have any obligation to file a responsive

2023, this court entered an order directing the clerk to enter default against Defendants Jones, Frye, and Blankenship, who failed to timely file a responsive pleading. [ECF No. 9]. Later that day, the clerk entered default as to those defendants. [ECF No. 11].

On April 24, 2023—the deadline for Defendant Adkins' Answer—Defendants Jones, Adkins, and Frye filed their joint Answer. [ECF No. 12]. Defendant Blankenship has never answered or otherwise responded to Plaintiff's Complaint.

The parties now move to set aside the default entered against Defendants Jones, Frye, and Blankenship, citing "counsel's own error in calculating the due date for a responsive pleading" and a lack of service on Defendant Blankenship. [ECF No. 15, at 2].

## II.   Legal Standard

Rule 55(c) of the Federal Rules of Civil Procedure states that a court "may set aside entry of default for good cause." In assessing a motion to set aside an entry of default, a district court is to consider (1) whether the moving party has a meritorious defense to the action; (2) whether the moving party acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) any unfair prejudice to the non-moving party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Payne ex rel. Est. of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). The Fourth Circuit has

---

pleading by April 20, 2023.

"repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417. The "good cause" standard for setting aside an entry of default pursuant to Rule 55(c) is less onerous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *Id.* at 420. "Any doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

While the parties did not address whether "good cause" exists to set aside the clerk's entry of default, the court nevertheless finds that justice requires that the default be set aside in this case. The parties acted reasonably promptly by filing their Motion approximately 12 days after default was entered. There is no indication that the individual defendants were personally responsible for the entry of default. Rather, counsel merely miscalculated the deadline for Defendants Jones, Frye, and potentially Blankenship to respond to Plaintiff's Complaint. Moreover, the parties have agreed to set aside the default, and no prejudice will result to the plaintiff if the default is set aside. Finally, the record does not indicate any previous history of dilatory action by either party.

The court thus finds good cause to vacate the entry of default.

III.   Conclusion

For the foregoing reasons, the parties' Joint Motion to Set Aside Default [ECF No. 15] is **GRANTED**. The court **ORDERS** that the entry of default [ECF No. 11] be

**SET ASIDE**. The court **ORDERS** that Defendants Adkins, Frye, and Jones' Answer [ECF No. 12] be accepted as filed.

The court further **ORDERS** Plaintiff to show proof of service upon Defendant Blankenship by **May 23, 2023**. Failure to timely respond to this notice may lead to dismissal of Plaintiff's claims against Defendant Blankenship, *see* Fed. R. Civ. P. 4(m) (requiring dismissal "[i]f a defendant is not served within 90 days after the complaint is filed," unless "the plaintiff shows good cause for the failure").

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER:      May 9, 2023

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE